UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ERICA JOANNA REMACHE,                                    :
                                                         :
                                    Plaintiff,           :
                                                         :          REPORT AND
            -against-                                    :          RECOMMENDATION
                                                         :
UBER TECHNOLOGIES, INC., UBER U.S.A., LLC,               :          No. 22-CV-7678-DG-JRC
SCHMECKEN, LLC, ANDRANOWSKI AUTO                         :
CARRIERS, and ADRIAN JOZEF ANDRANOWSKI,                  :
                                                         :
                                    Defendants.          :
                                                         :
-------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

        On December 16, 2022, defendants Uber Technologies, Inc., Uber U.S.A., LLC, and

Schmecken, LLC (collectively, "Uber") removed this action, arising out of a motor vehicle

accident, from New York Supreme Court, Queens County, based on this Court's diversity

jurisdiction.  *See* Not. of Removal, Dkt. 1-5.  On May 17, 2023, plaintiff Erica Joanna Remache

("plaintiff" or "Remache") filed the instant motion to join non-diverse parties Rigo Limo-Auto

Corp. ("Rigo Limo-Auto") and John Doe ("Doe"), and to remand this action to state court

pursuant to 28 U.S.C. § 1447(e) because joinder would destroy the diversity of the parties.  *See*

Mot. for Joinder ("Pl. Mot."), Dkt. 17.  On May 25, 2023, the Honorable Diane Gujarati referred

plaintiff's motion for joinder to the undersigned.  *See* Order Referring Motion dated May 25,

2023.  For the reasons set forth below, this Court recommends denying plaintiff's motion for

joinder and remand.

## Background

        On August 10, 2021, plaintiff ordered a car from the ridesharing company, Uber.  *See*

Verified Compl. ("Compl.") ¶¶ 44-46, 62, Dkt. 1-2.  She was the passenger in the Uber vehicle

driven by Doe[1] and owned by Rigo Limo-Auto. *Id.* ¶ 63. During the ride, the vehicle driven by

Doe and owned by Rigo Limo-Auto, collided with another vehicle driven by defendant Adrian

Jozef Andranowski and owned by Andranowski Auto Carriers (collectively, the "Andranowski

defendants"). *Id.*; Report of Motor Vehicle Accident, Dkt. 1-4 at ECF page[2] 2. Plaintiff

allegedly suffered injuries as a result of the motor vehicle accident. *See* Compl. ¶¶ 64, 67-69.

On February 17, 2022, plaintiff commenced an action in New York Supreme Court,

Queens County against Rigo Limo-Auto and Doe, stemming from the August 10th accident. *See*

*Remache v. Rigo Limo-Auto Corp.*, Index No. 703678/2022 (referred to as the "first-filed

action"), Dkt. 14-1 (Verified Complaint); *see also* Uber's opposition to plaintiff's motion for

joinder ("Uber Opp.") at 1, Dkt. 19. On April 8, 2022, Rigo Limo-Auto filed a third-party

complaint against the Andranowski defendants in the first-filed action. *See* Uber Opp. at 1;

Third Party Complaint, Dkt. 14-1 at ECF pages 27-32. On June 1, 2022, the Andranowski

defendants filed an Answer. *See* Uber Opp. a 1; Verified Answer to Third-Party Complaint, Dkt.

14-1 at ECF pages 34-38.[3]

On October 27, 2022, plaintiff commenced a second action in New York Supreme Court,

Queens County against Uber and the Andranowski defendants, arising from the same automobile

accident. *See Remache v. Uber Technologies, Inc.*, Index No. 722709/2022 (the "second-filed

action"); *see generally* Compl., Dkt. 1-2. Unlike the first-filed action, plaintiff did not sue Rigo

Limo-Auto in the second-filed action. On December 16, 2022, Uber timely removed the second-

---

[1] Although plaintiff refers to the driver of the Uber vehicle in her motion for joinder, Pl. Mot. at 1, as a John Doe defendant, plaintiff identified the driver in the Complaint as Yousuf Mozumder. *See* Compl. ¶¶ 43-46, Dkt. 1-2.
[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.
[3] The parties refer to defendant Adrian Andranowski as both Adrian *Jozef* Andranowski and Adrian *John* Andranowski. *See, e.g.*, Dkt. 14-1 at ECF pages 29, 34; Dkt. 20.

filed action to this Court on the basis of diversity jurisdiction.  *See* Not. of Removal, Dkt. 1-5.

On April 4, 2023, plaintiff filed a motion in this Court to consolidate the first-filed action and the second-filed action in state court.  *See generally* Motion to Consolidate Cases ("Mot. to Consolidate"), Dkt. 14.  The day before, on April 3, 2023, plaintiff also filed a motion in Queens Supreme Court to consolidate the two actions in the state court.  *See id.* at 1; State Court Motion to Consolidate, Dkt. 14-1 at ECF pages 1-6.

On May 3, 2023, this Court denied the motion to consolidate because "[a] federal court 'has no authority to join federal and state actions.'  *See Kuperstein v. Barr Lab'ys, Inc.*, No. 07-CV-5371, 2008 WL 11450462, at *3 (E.D.N.Y. June 24, 2008)."  Minute Entry and Order dated May 3, 2023.  On May 31, 2023, the state court denied plaintiff's motion to consolidate on the grounds that the state court was divested of jurisdiction over the second-filed action when it was removed to federal court.  Dkt. 22.

Having been unsuccessful in her attempts to return this action to state court through consolidation, plaintiff now seeks to join Rigo Limo-Auto and Doe to this action, and if joinder is permitted, to remand this action to state court.  Uber contends that plaintiff's motion should be denied, largely on the grounds that plaintiff may not join a non-diverse party simply to defeat diversity jurisdiction.

## Discussion

A party may remove a civil action brought in state court when the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  A federal court has original jurisdiction over an action where the amount in controversy exceeds $75,000 and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

If a case is improperly removed to federal court, a plaintiff may move under 28 U.S.C.

§ 1447 to remand the case back to state court.  *See Samanich v. Facebook*, No. 20-CV-4058, 2021 WL 2856634, at *3 (E.D.N.Y. July 8, 2021).  The removing party bears the burden of establishing that removal was proper, including compliance with the procedural requirements of the removal statute.  *See Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020); *Samanich*, 2021 WL 2856634, at *3.  Any doubts as to removability must be resolved in favor of remand.  *See Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013); *Samanich*, 2021 WL 2856634, at *3.

## I.    Subject Matter Jurisdiction

Plaintiff does not challenge the propriety of removal.  It is undisputed that plaintiff is a resident of New York.  *See* Not. of Removal ¶ 6, Dkt. 1-5 at ECF page 2; Compl. ¶ 1, Dkt. 1-2 at ECF page 4.  Moreover, it is uncontroverted that defendants Uber Technologies, Inc., Uber U.S.A., LLC,[4] Schmecken, LLC, Andranowski Auto Carriers and Adrian Jozef Andranowski are not domiciled in New York.  *See* Not. of Removal ¶¶ 7-9, Dkt. 1-5 at ECF pages 2-3.  Accordingly, this Court has diversity jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

## II.    Joinder of Rigo Limo-Auto and Doe

Section 1447(e) provides as follows:  "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In deciding whether to permit joinder, courts engage in a two-part analysis.  First, joinder must satisfy Rule 20 of the Federal Rules of Civil Procedure, which governs permissive joinder of

---

[4] For purposes of diversity of citizenship, limited liability companies take the citizenship of all its members.  *See Bayerische Landesbank, N.Y Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

parties.  Second, joinder must comport with principles of fundamental fairness considering the following factors:  (1) any delay and/or the reason for delay in seeking joinder; (2) prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motive in seeking joinder.  *See Islay v. Boston Glob. Partners, LLC*, 650 F. Supp. 3d 106, 114 (S.D.N.Y. 2023), *aff'd*, 2023 WL 6439901 (2d Cir. Oct. 3, 2023); *Linzy v. Uber Techs., Inc.*, No. 21-CV-5097, 2022 WL 1556972, at *2-*3 (S.D.N.Y. Apr. 14, 2022), *report and recommendation adopted*, 2022 WL 1558312 (S.D.N.Y. May 17, 2022); *see also Kurtz v. Uber Techs., Inc.*, No. 21-CV-6188, 2021 WL 4777973, at *3 (S.D.N.Y. Oct. 13, 2021).  The last factor is the most significant.  *See Islay*, 650 F. Supp. 3d at 115; *Linzy*, 2022 WL 1556972, at *3; *see also Kurtz*, 2021 WL 4777973, at *3. Whether to allow joinder of a non-diverse party, which would divest the Court of subject matter jurisdiction, is within the discretion of the court.  *See Islay*, 650 F. Supp. 3d at 111; *Linzy*, 2022 WL 1556972, at *3.

This Court agrees that plaintiff has satisfied the requirements for permissive joinder pursuant to Rule 20.[5]  Under Rule 20, parties "may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

Uber argues that the Court should deny permissive joinder because plaintiff's allegations against Uber contain different causes of action than her claims against Rigo Limo-Auto and Doe. *See* Uber Opp. at 2.  However, plaintiff asserts a right to relief jointly and severally against the Andranowski defendants, Rigo Limo-Auto and Doe arising out of the same car accident.  *See* Pl.

---

[5] Plaintiff does not argue that Rigo Limo-Auto and Doe are necessary parties under Rule 19.

Mot. at 2 ("those defendants are jointly and severally liable for the claims against the [Andranowski defendants]").  The claims against the various parties share common questions of fact.  *See Linzy*, 2022 WL 1556972, at *4.

Moreover, even though plaintiff's claims against Uber involve certain legal issues that are not implicated by plaintiff's claims against Rigo Limo-Auto and Doe, there is an undeniable overlap in the legal issues -- the claims against Uber are dependent on a finding that the accident resulted from Doe's negligence.  *See Linzy v. Uber Techs., Inc.*, No. 21-CV-5097, 2022 WL 375595, at *4 (S.D.N.Y. Feb. 8, 2022); *Kurtz*, 2021 WL 4777973, at *6.  Accordingly, this Court finds that Rigo Limo-Auto and Doe qualify as permissive parties under Rule 20.

With respect to the determination whether joinder would comport with principles of fundamental fairness, plaintiff's delay of six months between removal and her motion for joinder is significant.  *See Linzy*, 2022 WL 1556972, at *4 (nine-month delay weighed against joinder); *Lebetkin v. Giray*, No. 18-CV-8170, 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 26, 2018) (finding six-month delay between filing of complaint/removal petition and motion for joinder was "substantial"); *Deutchman v. Exp. Scripts, Inc.*, No. 07-CV-3539, 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008) ("plaintiffs point to no recently discovered fact or piece of evidence that justifies their three-month delay").  Plaintiff has not provided any explanation for her delay. She cannot claim that she was precluded from joining the non-diverse defendants, that she was unaware of these defendants, or that some changed circumstances justify the delay in joining them.  To be sure, part of the delay is attributable to plaintiff's ill-fated motions to consolidate the first-filed action with the second-filed action while they were pending in different jurisdictions.  But, plaintiff waited almost five months after removal to file those motions.  Thus, plaintiff's delay weighs against joinder.

The Court further finds that Uber would suffer prejudice by any further delay, particularly given that the uncertainty as to where the case would be litigated has likely already affected its ability to develop its defenses. *See Lebetkin*, 2018 WL 5312907, at *2 ("They have for some time been faced with uncertainty as to whether their case would be litigated in state or federal court, which has undoubtedly affected their ability to develop their defense."); *see also Linzy*, 2022 WL 1556972, at *4 (finding that Uber "would be prejudiced by further delay in addressing the merits"). Under the circumstances present in this case, Uber's statutory right to a federal forum should not be set aside. *See Grant v. Johnson & Johnson*, No. 17-CV-3356, 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017) ("amendment would now deprive Defendants of their proper choice of a federal forum"); *see also Kurtz*, 2021 WL 4777973, at *6.

Regarding the likelihood of multiple litigation, plaintiff ignores the fact that the claims against each set of defendants are different. For example, plaintiff's allegations against Uber are based on theories of vicarious liability and negligent hiring, training, retention and supervision -- claims that are distinct from the negligence claims against Rigo Limo-Auto and Doe. *See Linzy*, 2022 WL 375595, at *4; *Kurtz*, 2021 WL 4777973, at *6. Although the outcome of the first-filed action could have a preclusive effect on plaintiff's claims against Uber, that risk can be managed by trying the instant action only after the first-filed action is tried. *See Linzy*, 2022 WL 375595, at *4; *Kurtz*, 2021 WL 477973, at *6. Moreover, discovery between the two cases can be coordinated as to those areas where discovery overlaps, and the Court directs the parties to coordinate discovery to avoid duplication. *See Linzy*, 2022 WL 375595, at *4; *Kurtz*, 2021 WL 477973, at *5.

Finally, it would be inequitable to order remand based on plaintiff's claim that it is inefficient to have separate lawsuits when plaintiff created this issue. *See Islay*, 650 F. Supp. 3d

at 115-17; *Linzy*, 2022 WL 375595, at *4; *see also Guzman v. Evans Delivery Co. Inc.*, No. 23-CV-3536, 2023 WL 6518709, at *3 (S.D.N.Y. Oct. 5, 2023); *Kurtz*, 2021 WL 4777973, at *5. Plaintiff could have named all defendants in the first-filed action, either at the outset of that case or sometime later. Alternatively, plaintiff could have moved to consolidate the instant action with the first-filed action at any time *before* this action was removed to this Court. Had plaintiff taken either path, she would have effectively blocked Uber from removing this action to federal court because of Rigo Limo-Auto's diversity-destroying citizenship. "Having separately sued [Rigo Limo-Auto] and Uber in state court, and having long foregone the opportunity to consolidate her claims in state court, [plaintiff] is ill-positioned to claim inequity or prejudice from having to pursue her claims against [Rigo Limo-Auto] and Uber in two fora." *Kurtz*, 2021 WL 4777973, at *5.

The final factor "is the most significant consideration in the fairness analysis." *Islay*, 650 F. Supp. 3d at 115 (internal quotation marks and citation omitted); *Grant*, 2017 WL 6812035, at *3. Here, a review of plaintiff's litigation tactics demonstrates that her obvious motivation is to defeat diversity jurisdiction. As discussed above, plaintiff had ample opportunity to avoid multiple lawsuits, but did nothing to have all her claims adjudicated in one action before Uber removed the instant case to this Court.

Plaintiff initially attempted to return the action to state court by filing separate motions in this Court and state court to consolidate the actions. When that effort failed in both jurisdictions, the instant motion for joinder followed, including plaintiff's request for remand "since joining [Rigo Limo-Auto], a non-diverse party, would divest this Court of subject matter jurisdiction." Pl. Mot. at 2. Plaintiff's "impermissible motive" violates the principles of fundamental fairness and weighs strongly against joinder. *See Islay*, 650 F. Supp. 3d at 115; *Linzy*, 2022 WL

1556972, at *5; *Grant*, 2017 WL 6812035, at *4; *see also Rivera v. Robin*, No. 19-CV-9558, 2020 WL 1644014, at *1 (S.D.N.Y. Apr. 2, 2020) ("the presence of an improper motive alone renders joinder and remand 'inappropriate'").

Upon balancing the relevant factors, this Court finds that joinder would be inappropriate here.

## Conclusion

For the reasons stated above, this Court respectfully recommends denying plaintiff's motion for joinder.

Any objections to the recommendations made in this Report must be filed with the Honorable Diane Gujarati within 14 days after the filing of this Report and Recommendation and, in any event, on or before March 13, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
      February 28, 2024

                                    s/ James R. Cho
                                    James R. Cho
                                    United States Magistrate Judge